**960**

Ann C. FIELD, Transferee of Adwood Corporation, Petitioner,
Harry GOLD, Transferee of Adwood Corporation, Petitioner,
Hal D. CANTIN, Transferee of Adwood Corporation, Petitioner,
Max DANIELS, Deceased, Ethel Daniels, Sole Heir at Law, Petitioner,
Samuel J. BASKIN, Transferee of Adwood Corporation, Petitioner,
Irving BILTON, Transferee of Adwood Corporation, Petitioner,
Ethel DANIELS, Transferee of Assets of the Estate of Max Daniels, Transferee of Adwood Corporation, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 14077–14083.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1960.

Joseph H. Guttentag, Detroit, Mich. and Burton W. Kanter, Chicago, Ill., Frank W. Donovan, Detroit, Mich., David Altman, Gerald W. Brooks, Chicago, Ill., McClintock, Fulton, Donovan & Waterman, Detroit, Mich., on brief, for petitioners.

Sharon L. King, Department of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before McALLISTER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

ORDER.

The petitions to review the decisions of the Tax Court of the United States in the above cases were heard on oral argument, briefs and the record.

Upon consideration,

It is ordered that said decisions be affirmed on the findings of fact and opinion of Judge Harron reported in 32 T.C. 187, and the orders entered subsequent thereto.

Sarah DANZIG and Robert L. Danzig

v.

VIRGIN ISLE HOTEL, INC., Appellant.

No. 13252.

United States Court of Appeals
Third Circuit.

Argued Jan. 23, 1961.

Decided Feb. 1, 1961.

Rehearing Denied March 22, 1961.

See also 278 F.2d 580.

William W. Bailey, Charlotte Amalie, St. Thomas, Virgin Islands, for appellant.

Joseph G. Blum, New York City, for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the plaintiff in an action brought to recover for personal injuries claimed to have been suffered from a fall in defendant's hotel. The parties are not in dispute about the principle of law which governs such a case and each agrees with the general statement of the obligation of the proprietor of premises to a business guest found in the Restatement of Torts. The disputed point is whether there was sufficient evidence of violation of the duty of care to justify a jury verdict for the plaintiff. It is not a very strong case but we think there is enough to justify its submission to a jury. It was so submitted and the jury decided for the plaintiff.

The judgment will be affirmed.